**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MARSHALL MCCLAIN**, individually and on behalf of all others similarly situated, 310 Stevens Circle, Aberdeen, MD, 21001 | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **PREMIER HOME PROS, LLC,** 388 S Main St., Ste 340, Akron, OH 44311 | ) ) ) |
| Defendant. | ) ) ) |

**CASE NO.: 1:25-cv-03718-CJC**

**PREMIER HOME PROS, LLC's**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, PREMIER HOME PROS, LLC ("**Defendant**"), hereby answers the Complaint ("**Complaint**") [D.E. 1] filed by Plaintiff, Marshall McClain ("**Plaintiff**"), and states as follows:

**DEFENDANT'S PRELIMINARY STATEMENT**

A. Except as expressly admitted or qualified below, each and every statement, allegation, contention, or insinuation of the Complaint is denied.

B. The headings used in the Complaint are reproduced herein for ease of reference only. Defendant rejects any factual or legal contentions expressed or implied by such headings.

C. Defendant has retained the undersigned law firm to represent its interests in this matter and is obligated to pay its counsel a reasonable fee. Defendant is entitled to recover its reasonable attorneys' fees and costs from Plaintiff if permitted by law.

## NATURE OF ACTION

1.      The allegations of paragraph 1 contain legal conclusions and/or citations, which do not require an answer. To the extent a response is required, Defendant denies any liability associated with the same.

2.      The allegations of paragraph 2 contain legal conclusions and/or citations, which do not require an answer. To the extent a response is required, Defendant denies any liability associated with the same.

3.      Denied.

4.      Denied.

## PARTIES

5.      Defendant has insufficient knowledge or information in order to form a belief as to the truth of the allegations in paragraph 5 and therefore denies the same.

6.      Admitted.

## JURISDICTION AND VENUE

7.      Admitted that this Court has federal subject matter jurisdiction over Plaintiff's purported TCPA claim. Otherwise, denied.

8.      Defendant does not contest jurisdiction or venue but denies that Plaintiff is entitled to any form of relief.

## TCPA BACKGROUND

9.      The allegations of paragraph 9 contain legal conclusions and/or citations, which do not require an answer. To the extent a response is required, Defendant denies any liability associated with the same.

10.     The allegations of paragraph 10 contain legal conclusions and/or citations, which do not require an answer. To the extent a response is required, Defendant denies any liability associated with the same.

11.     The allegations of paragraph 11 contain legal conclusions and/or citations, which do not require an answer. To the extent a response is required, Defendant denies any liability associated with the same.

12.     The allegations of paragraph 12 contain legal conclusions and/or citations, which do not require an answer. To the extent a response is required, Defendant denies any liability associated with the same.

## FACTUAL ALLEGATIONS

13.     The allegations of paragraph 13 contain legal conclusions and/or citations, which do not require an answer. To the extent a response is required, Defendant denies any liability associated with the same.

14.     Admitted.

15.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and therefore denies the same.

16.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 and therefore denies the same.

17.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 and therefore denies the same.

18.     Defendant admits that on October 12, 2025, it contacted Plaintiff once via text message and once via telephone call, both times in response to an online inquiry Defendant received requesting to be contacted concerning its home improvement services. Otherwise, denied.

19.     Defendant admits that it texted a phone number submitted to it via an online inquiry on October 12, 2025.  Defendant has insufficient knowledge or information in order to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies the same.

20.     Defendant admits that paragraph 20 of the Complaint references a screenshot of a text message, the text of which appears consistent with the text message Defendant sent to the phone number provided to Defendant through an online inquiry Defendant received requesting to be contacted concerning its home improvement services.

21.     Defendant admits that on October 13, 2025, one of its employees initiated a telephone call to a phone number provided to Defendant through an online inquiry Defendant received requesting to be contacted concerning its home improvement services, and that said employee left a voicemail as reflected in paragraph 21. Defendant denies that it "automatically" dialed such phone number.  Defendant has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies the same.

22.     Denied.

23.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and therefore denies the same.

24.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and therefore denies the same.

25.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and therefore denies the same.

26.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and therefore denies the same.

## CLASS ACTION ALLEGATIONS

27.     Defendant admits that Plaintiff attempts to bring an action on behalf of himself and a putative class but denies Plaintiff or alleged class members are entitled to any such relief. Defendant objects to and denies the purported class definitions and therefore denies the same to the extent a response is required.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied, including all subparts.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

## COUNT I
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

42.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

5

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies Plaintiff's prayer for relief and all subparts stated therein.  Defendant requests judgment in its favor against Plaintiff and all parties acting through Plaintiff in this action.

## DEMAND FOR JURY TRIAL

Defendants denies Plaintiff's request for trial by jury.

## AFFIRMATIVE & OTHER DEFENSES

Defendant asserts the following affirmative and other defenses to Plaintiff's Complaint.

### FIRST DEFENSE

Plaintiff's claims fail as a matter of law as the communications at issue do not qualify as a telephone solicitation as that term is defined by 45 C.F.R. § 64.1200(f)(15), insofar as (i) they were not for the purpose of encouraging the purchase or rental of, investment in, property, goods, or services; (ii) Plaintiff expressly requested, permitted or invited said communications and/or (iii) Plaintiff had an established business relationship with Defendant based on Plaintiff's inquiry and/or application regarding Defendant's products or services as defined by 45 C.F.R. § 64.1200(f)(5).

### SECOND DEFENSE

The claims of Plaintiff and members of any putative class are barred to the extent Plaintiff and members of any putative class gave prior express consent and/or prior express written consent, calls were made in response to an express request of the person called, calls were made in connection with an existing contract, and/or calls were made to a person has a prior or existing business relationship.

### THIRD DEFENSE

Plaintiff's claims and any members of a putative class are barred, in whole or in part, to the extent any alleged damages were caused by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Defendant is not responsible.

### FOURTH DEFENSE

Plaintiff's claims fail as a matter of law as any alleged violation is the result of bona fide error and Defendant (and any agent, affiliate or third party on its behalf) maintains qualified routine business practices pursuant to 45 C.F.R. § 64.1200(c)(2)(i).

### FIFTH DEFENSE

To the extent that any relief sought by Plaintiff or any members of the putative class would subject Defendant to the possibility of duplicative recovery, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution *res judicata* and/or claim preclusion.

### SIXTH DEFENSE

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including Plaintiff or members of any putative class or non-parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility and/or comparative fault.

## SEVENTH DEFENSE

The alleged claims of Plaintiff and members of any putative class are barred, in whole or in part, to the extent they are asserting damages for calls made to cellular telephone numbers to which they were not subscribers at the time of the call.

## EIGHTH DEFENSE

Class certification of this action should be denied for one or more of the following reasons:

a.      Joinder of all members of the putative class is not impracticable;

b.      There are insufficient questions of law and fact pertaining to the whole of the putative class.

c.      The claims of the named Plaintiff, if meritorious, are not typical of the putative class because the telephone number contacted was provided to Defendant as part of an express inquiry into Defendant's services, and the individual that provided such telephone number provided express written consent to be contacted about Defendant's services, including via automated telephone calls or messages.  Either (i) Plaintiff provided such telephone number in a deceptive effort to manufacture a claim under the TCPA, or (ii) an unknown third party submitted the inquiry using Plaintiff's telephone number.  In either event, such circumstances would be atypical of the putative class;

d.      The claims of the named Plaintiff will not adequately protect the interests of the putative class;

e.      It is not impractical for individual plaintiffs to obtain redress;

f.      The proposed class creates a legally impermissible fail-safe class;

g.      The proposed class lacks typicality; and

h.    Individual issues will predominate over class issues, including but not limited to, whether or not the call recipient gave prior express consent, whether an unknown third party misrepresented his telephone number to be the subscriber or recipient's telephone number while providing prior express consent, whether the subscriber or recipient's alleged claims are based on multiple telephone numbers assigned to the same device, whether the subscriber or recipient's relationship with Defendant qualifies as an established business relationship, whether any particular call recipient is a residential telephone subscriber, and whether or not any particular call recipient was "aggrieved."

### NINTH DEFENSE

Plaintiff lacks standing under Article III of the United States Constitution, or other applicable law, because he suffered no concrete injury.

### TENTH DEFENSE

Plaintiff's claims are barred or limited to the extent any violation established by Plaintiff resulted from Defendant's reasonable reliance on the assurances, representations, actions of third parties.

### ELEVENTH DEFENSE

Plaintiff's claims are barred or limited by equitable estoppel or due to inequitable conduct to the extent Plaintiff or someone acting on his behalf intentionally induced the conduct complained of by providing contact information to Defendant and leading Defendant to believe Plaintiff consented to being contacted.

### RESERVATION OF RIGHT TO AMEND OR MODIFY DEFENSES

Defendant hereby reserves the right to assert any additional defenses or matters in avoidance that may be disclosed during the course of additional investigation or discovery.

## DEMAND FOR JUDGMENT

WHEREFORE, having answered the Complaint, Defendant, Premier Home Pros, LLC, hereby demands entry of judgment:

**(a)** dismissing the Complaint *with prejudice*;

**(b)** providing that the Plaintiff, Marshall McClain, and any and all others acting by or through Plaintiff, take nothing from this action;

**(c)** awarding Defendant any other relief the Court deems just and proper.

DATED: January 9, 2026

*/s/ Gabriel D. Pinilla*
Gabriel D. Pinilla
Bar No. 22373
**ADAMS & REESE, LLP**
11990 Grant Street, Suite 550
Northglenn, CO 80233
Telephone: (303) 970-2156
Facsimile: (303) 970-2156
Gabriel.Pinilla@arlaw.com
Alisyn.Bukowski@arlaw.com
*Counsel for Premier Home Pros, LLC*

Andrew Wilson
Subject to *Pro Hac Vice*
**ADAMS & REESE, LLP**
2001 Siesta Drive Suite 302
Sarasota, FL 34239
Telephone: (941) 316-7636
Facsimile: (941) 316-7636
*Counsel for Premier Home Pros, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2026 I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will automatically serve a copy via electronic

mail to all counsel of record.

*/s/ Gabriel D. Pinilla*
Gabriel D. Pinilla
Bar No. 22373

## SERVICE LIST

Attorneys for Marshall McClain:

John McGowan
KINNER & McGOWAN, PLLC
413 East Capitol Street SE, First Floor
Washington, D.C. 20003
jmcgowan@kinnermcgowan.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
anthony@paronichlaw.com
*Admitted Pro Hac Vice*