**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MARSHALL MCCLAIN**, individually and on behalf of all others similarly situated, 310 Stevens Circle, Aberdeen, MD, 21001 | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CASE NO.: 1:25-cv-03718-CJC** |
| v. | ) | |
| | ) | |
| **PREMIER HOME PROS, LLC,** 388 S Main St., Ste 340, Akron, OH 44311 | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

**PREMIER HOME PROS, LLC'S MEMORANDUM IN SUPPORT
OF MOTION TO BIFURCATE DISCOVERY**

---

**MAY IT PLEASE THE COURT:**

Premier Home Pros, LLC ("**Defendant**" or "**Premier**") respectfully submits the following Memorandum in Support of *Premier Home Pros, LLC's Motion to Bifurcate Discovery* in this matter, as follows:

## I.  INTRODUCTION

Plaintiff, Marshall McClain ("**Plaintiff**" or "**McClain**") asserts a purported class action claim against Premier alleging that Premier violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "**TCPA**") by calling his telephone number registered with the national do-not-call registry more than once within a 12-month period. Premier defends against McClain's allegations, in part, on the basis that **(i)** Premier obtained prior express written consent from someone who visited Premier's website on October 12, 2025, **and (ii)** Premier maintains qualified routine business practices pursuant to 45 C.F.R. § 64.1200(c)(2)(i) such that, in the

1

event that the person who visited Premier's website and expressly consented to receiving telephone calls to McClain's telephone number was *not* McClain, any calls to his telephone number would be the result of a *bona fide* error and not actionable. A determination of these threshold issues in Premier's favor would entirely dispose of McClain's individual claim against Premier. As such, Premier requests entry of an Order bifurcating discovery pursuant to Federal Rules of Civil Procedure 16 and 26(c).

Specifically, Premier seeks to bifurcate discovery into two phases before class certification is considered. The first phase of discovery will be limited to the facts and issues specific to Plaintiff's individual TCPA claims. Premier proposes an expedited schedule to complete the limited discovery required for this phase, which discovery is designed to support a dispositive motion directed to Plaintiff's individual claims. If Plaintiff's individual claims are determined to be potentially viable, class-wide discovery would be undertaken in the second phase of discovery.

As set forth more fully below, bifurcation of discovery as sought herein is consistent with applicable District of Maryland and Fourth Circuit law and will best serve the interests of judicial fairness and efficiency. Bifurcation is also appropriate because it will not unduly prejudice any party and will allow the Court to ascertain the viability of this action at an early practicable time.

There are very specific factual questions about Plaintiff's TCPA claims which, once answered, will be dispositive of whether this case should proceed to class discovery or be resolved by summary judgment at an early stage. It is Premier's position, supported by its business records, that neither the single call it made nor the single text message it sent to Plaintiff violated the TCPA because either **(a)** Plaintiff provided prior express written consent for such contacts, **or (b)** some

unknown third party misrepresented Plaintiff's telephone number to be his own while purporting to provide express written consent to be contacted at such telephone number. In either case, Premier cannot be liable for violation of the TCPA. If the former scenario proves to be correct, Plaintiff's claim is barred by 45 C.F.R. § 64.1200(c)(2)(ii). If the latter scenario proves to be correct, Plaintiff's claim is barred by 47 U.S.C. § 227(c)(5) and 45 C.F.R. § 64.1200(c)(2)(i).

The discovery required to address the issues pertinent to disposing of Plaintiff's individual claims is limited and can be handled expediently. Further, such issues appear to lend themselves to resolution by summary judgment on a narrow basis, the resolution of which is likely to be straightforward and efficient. Indeed, these matters can and should be handled on a threshold basis before the parties embark upon sweeping and burdensome class-wide discovery. And, importantly, disposition of Plaintiff's individual claims would also operate as a disposition of the entire action.

If the proposed tailored discovery confirms Premier's position, Plaintiff would be unable to establish the factual bases for his claim and the case should be dismissed in its entirety. Time spent on expensive and unnecessary class discovery and class-wide merits discovery will be wasted if Plaintiff's claim is without merit. This Court should therefore grant Premier's motion to bifurcate discovery, permit a shortened individual discovery period and the filing and determination of an early summary judgment motion.

To accommodate the proposed bifurcation, Premier respectfully requests that the Court enter a scheduling order that initially limits discovery to McClain's individual claim.  A proposed schedule is set forth below, which schedule would best serve the parties to this litigation, and the efficient use of litigant and judicial resources.

**Proposed Schedule**

| EVENT | DEADLINE |
|---|---|
| Motion to Bifurcate Discovery | May 6, 2026[1] |
| Response to Motion to Bifurcate Discovery | May 20, 2026[2] |
| Reply in support of Motion to Bifurcate Discovery | May 27, 2026[3] |
| **Phase 1 Fact Discovery Cutoff** | **August 28, 2026** |
| **Phase 1 Summary Judgment Filing Deadline** | **September 18, 2026** |
| **Begin Phase 2 Fact Discovery** | **After the Court's ruling on Phase 1 Summary Judgment** |
| **Phase 2 Fact Discovery Cutoff** | **January 29, 2027** |
| Plaintiff's Expert Reports | February 19, 2027 |
| Defendant's Expert Reports | March 22, 2027 |
| All Expert Discovery Completed | April 23, 2027 |
| Class Certification Deadline | May 21, 2027 |
| Summary Judgment Filing Deadline | 60 days after the Court's ruling on class certification |
| Trial | TBD |

---

[1] Per Dkt. No. 17.

[2] Per Dkt. No. 17.

[3] Per Dkt. No. 17.

## II. BACKGROUND

McClain filed his Complaint on November 12, 2025, asserting claims against Premier for alleged violations of the TCPA, on behalf of himself and a putative nationwide class.[4] Specifically, Plaintiff seeks to certify the following putative class:

> All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.[5]

McClain alleges that he received one text message from Premier on October 12, 2025, and one telephone call from Premier on October 13, 2025.[6] Premier maintains that McClain expressly consented to and requested the communications at issue and inquired with Premier about its services, thereby creating an established business relationship. To this point, Premier's First Defense within its January 9, 2026 Answer and Defenses affirmatively asserts that:

> Plaintiff's claims fail as a matter of law as the communications at issue do not qualify as a telephone solicitation as that term is defined by 45 C.F.R. § 64.1200(f)(15), insofar as (i) they were not for the purpose of encouraging the purchase or rental of, investment in, property, goods, or services; (ii) **Plaintiff expressly requested, permitted or invited said communications** and/or (iii) **Plaintiff had an established business relationship with Defendant based on Plaintiff's inquiry and/or application regarding Defendant's products or services** as defined by 45 C.F.R. § 64.1200(f)(5).[7]

To the extent that McClain maintains that he was not the individual that inquired with Premier and provided express consent to contact his telephone number, Premier further maintains that any violation of the TCPA is the result of a bona fide error despite Premier's maintenance of

---

[4] Dkt. No. 1.

[5] *Id.* at ¶ 28.

[6] *Id.* at ¶¶ 18-21.

[7] Premier's Answer and Defenses to Complaint, Dkt No. 13, at p. 6, First Defense. (emphasis added).

qualified routine business practices to avoid such an error pursuant to 45 C.F.R. § 64.1200(c)(2)(i).[8]

Targeted discovery will reveal one of two possibilities:

a) McClain inquired with Premier about its services and provided express consent for the calls at issue; or

b) Someone other than McClain inquired with Premier but provided McClain's telephone number.

If the former proves to be true, the case should proceed no further as such consent would be a complete defense to McClain's claims. If the latter proves to be true, Premier's business practices will be dispositive. Indeed, if discovery establishes that Premier maintains policies and procedures designed to ensure compliance with the TCPA but was deceived by a third party into contacting McClain, Premier will be entitled to summary judgment.

Discovery directed to the issues pertaining specifically to Premier's individual claim would resolve these factual questions that are dispositive of whether the case can proceed with McClain as a class representative. Accordingly, Premier proposes first engaging in limited discovery focused on McClain's individual claim to test the viability of this case. Premier's proposal entails a limited period of time to complete such discovery and related assessments so as not to delay class-related proceedings if such are necessary or appropriate.

### III. LAW AND ARGUMENT

#### A. Discovery In This Putative Class Action Should Be Bifurcated.

Rule 42(b) grants courts broad discretion to bifurcate issues in a case for reasons of "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *accord*

---

[8] *Id.* at p. 7, Fourth Defense.

*Shetterly v. Raymark Indus.,* Inc., 117 F.3d 776, 782 (4th Cir. 1997). Within the Fourth Circuit, district courts have customarily exercised their discretion to order bifurcation of discovery for the sake of efficiency and to prevent prejudice to a defendant. *See Ziemkiewicz v. R+L Carriers, Inc.,* 2013 WL 2299722 (D. Md. May 23, 2013) (collecting cases); *see also Ardrey v. United Parcel Serv.,* 798 F.2d 679, 680-81 (4th Cir. 1986) (affirming bifurcation of discovery where district court "agreed with counsel . . . that plaintiffs would be required to 'establish viable individual actions' before class discovery would be allowed"). In bifurcating individual liability discovery and class discovery, this Court should consider **(1)** the overlap between individual and class discovery, **(2)** whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at "an early practicable time", **(3)** judicial economy, **and (4)** any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery. *See* 1 MCLAUGHLIN ON CLASS ACTIONS § 3:10 (11th ed. 2014).

This Court has previously agreed to this approach in a similar TCPA lawsuit, concluding that discovery in phases is appropriate to address whether the plaintiff's direct claims would survive summary judgment—prior to conducting class discovery. *See Akselrod v. MarketPro Homebuyers LLC,* No. CCB-20-2966, 2021 WL 100666 (D. Md. Jan. 21, 2021) (Blake, J.) (granting bifurcated discovery in a TCPA matter to limit the time and expense of class discovery). In *Akselrod*, the defendant argued that two issues, whether the system used was an automated telephone dialing system and whether the messages were telephone solicitations, were dispositive and that limited discovery on these issues would save the parties the time and expense of class discovery. *Id.* at *2.

Over objection, the defendant asked for bifurcation of liability and class discovery to limit discovery to the potentially dispositive issues. *Id.* at \*1. This Court approved of bifurcated discovery, concluding that:

> [W]hether an ATDS was used and whether messages were telephone solicitations are issues of liability largely distinct from class certification issues (e.g., numerosity, commonality, typicality, and adequacy of representation). *See* Fed. R. Civ. P. 23. Limited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive, *see, e.g., Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, No. CIV.A. 12-2132 FLW, 2014 WL 413534, at \*4 (D.N.J. Feb. 4, 2014) (granting motion to bifurcate discovery in TCPA case where bifurcation would promote efficiency by permitting discovery on potentially dispositive issues that did not overlap with class issues).

*Id.* at \*2. *But see Nock v. PalmCo Administration, LLC*, 2025 WL 100894 (D. Md. Jan. 25, 2025) (Coulson, J.) (denying motion to bifurcate merits discovery and class discovery in TCPA case several months into discovery, where key issue of notice regarding an alleged scheme to mask telemarketing calls as in-person solicitations was relevant to both individual and class claims, and the parties had already engaged in individual and class discovery for close to eight months).

Like *Akselrod*, this case presents a scenario where resolution of threshold dispositive issues can be achieved with minimal additional discovery tailored to the source of the consent received by Premier and the policies and procedures maintained by Premier to ensure compliance with the TCPA. Such limited discovery is largely distinct from and would not overlap with class certification issues.

In addition to this Court's decision in *Akselrod,* courts throughout the country recognize that TCPA actions can be especially amenable to discovery testing the merits of Plaintiffs' allegations before engaging in costly class discovery. *See*, *e.g.*, *Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.,* No. 12-2132 (FLW), 2014 WL 413534 (D. N.J. Feb. 4, 2014) (granting a motion to bifurcate where potentially dispositive issues, whether faxes were exempted

from the TCPA, existed distinct from class issues); *Katz v. Liberty Power Corp., LLC,* NO. 18-cv-10506-ADB, 2019 WL 957129 (D. Mass. Feb. 27, 2019) (granting a motion to bifurcate discovery where the need for class discovery could be eliminated by demonstrating that the named plaintiffs lacked viable individual claims); *Osidi v. Assurance IQ, LLC,* No. 21-cv-11320-ADB, 2022 WL 623733 (D. Mass. March 3, 2022) (same); *Leschinsky v. Inter-Cont'l Hotels Corp.,* No. 8:15-cv-1470-T-30-MAP, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (ordering bifurcated individual discovery and then summary judgment briefing schedule because "Defendants have presented evidence suggesting that [Plaintiff's] TCPA claims are without merit as a matter of law."); *Loreaux v. ACB Receivables Mgmt., Inc.,* No. CIV. A. 14-710 MAS, 2015 WL 5032052, at *4 (D. N.J. Aug. 25, 2015) (bifurcating discovery in a TCPA case and holding "[f]urther, the Court finds that there will be no significant overlap between the two and therefore no real danger of a duplication of efforts or corresponding increase in litigation costs. Moreover, the Court finds that bifurcating the two issues has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery.").

Here, bifurcating at this stage will promote judicial economy without prejudicing McClain. Premier has defenses to McClain's individual claims that may very well dispose of this action prior to class certification. If Premier prevails on a motion for summary judgment by demonstrating that McClain has no viable individual claim, then McClain's claims relating to a putative class will also necessarily fail and he could not act as a class representative for any putative class.[9]

---

[9] When the proposed class representative is unable to represent a class, plaintiff's counsel cannot use the discovery process as a fishing expedition to search for additional individuals who might also be able to serve as a class representative. As one court explained: "No court has held, in a factual context similar to this case, that counsel has a right to use the power of the courts, through the Rules of Civil Procedure, to find a client who could be intervened as a plaintiff in a suit which has no party plaintiff. That is true with respect both to class action cases analyzed under Fed. R. Civ. P. 23 and Fed. R. Civ. P. 26." *Reed v. Bowen,* 849 F.2d 1307, 1313-14 (10th Cir. 1988). Neither plaintiffs nor their counsel are entitled to use the discovery process to "solicit" substitute plaintiffs. *Id.* at 1314; 32B Am. Jur. 2d *Federal Courts* § 1818 (2005) (plaintiffs' counsel in proposed class action "has no right to use discovery to locate a

Time spent pursuing class discovery prior to a determination of these threshold issues will be an expensive deployment of resources. Limiting discovery to McClain's individual claims prior to a ruling on a motion for summary judgment and then, if necessary, engaging in class-wide discovery, is the most efficient way to resolve this action. Accordingly, Premier requests that this Court bifurcate discovery and permit only limited individual discovery and summary judgment briefing on these threshold issues prior to class-wide discovery.

### IV. CONCLUSION

Based on the foregoing, Premier submits that bifurcation of discovery, as requested herein, is both reasonable and practical under the circumstances and there is good cause to issue a scheduling order that contemplates limited discovery pertaining to McClain's individual claim prior to any class-wide discovery. Accordingly, Premier respectfully requests that the Court grant its motion for phased discovery and enter an Order that: **(1)** requires discovery into McClain's individual claims against Premier to proceed first and, thereafter, and only if necessary in the event Plaintiff's individual claims survive, will the parties proceed into discovery on a class-wide basis; **and (2)** sets case scheduling deadlines consistent with the dates set forth in Premier's proposed scheduling order or otherwise according to a different bifurcation schedule the Court may direct.

Respectfully Submitted:

**ADAMS AND REESE LLP**

*/s/ Gabriel D. Pinilla*
Gabriel D. Pinilla, Bar No. 22373
1001 Seventeenth Street, Suite 1000
Dever, CO 80202
Telephone: (303) 970-2156
Facsimile: (303) 970-2156
Gabriel.Pinilla@arlaw.com
Alisyn.Burkowski@arlaw.com

---

client"); *Deltona Corp. v. Estate of Bobinger,* 582 So. 2d 736, 738 (Fla. App. 3d Dist. 1991) (plaintiffs' counsel can use public records to try to locate additional class representatives, but cannot use the discovery process to do so).

Andrew C. Wilson, *Admitted Pro Hac Vice*
2001 Siesta Dr., Suite 302
Sarasota, Florida 34239
Telephone: (941) 316-7600
Andrew.Wilson@arlaw.com
Suellen.Kerrigan@arlaw.com
*Attorneys for Defendant,*
*Premier Home Pros, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May 2026, the foregoing pleading was filed and

served via the CM/ECF on all parties.

*/s/ Gabriel D. Pinilla*
Gabriel D. Pinilla
Bar No. 22373