## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MARSHALL MCCLAIN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**PREMIER HOME PROS, LLC,**<br><br>*Defendant.* | Case No. 1:25-cv-03718 |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION TO BIFURCATE DISCOVERY

### Introduction

Defendant Premier Home Pros, LLC ("Premier") seeks to bifurcate discovery into separate phases for individualized merits issues and class-related discovery based on the speculative premise that threshold discovery may dispose of Plaintiff Marshall McClain's claims. But bifurcation is the exception, not the rule, and Premier has not met its burden to justify delaying ordinary discovery in this putative TCPA class action. The issues Premier identifies—whether Plaintiff consented to the communications at issue and whether Premier maintained compliant TCPA procedures—substantially overlap with the merits and class issues already central to this litigation. Discovery regarding Premier's consent practices, telemarketing procedures, recordkeeping systems, and TCPA compliance policies necessarily bears on both Plaintiff's individual claim and the proposed class claims.

Nor has Premier shown that ordinary discovery would impose any unique or undue burden warranting phased proceedings. The Federal Rules already provide ample protection against disproportional or burdensome discovery through Rules 26(b)(1) and 26(c), rendering

bifurcation unnecessary. Courts in this District routinely deny requests to bifurcate where, as here, the proposed "individualized" issues are intertwined with class issues and phased discovery would create inefficiency, duplication, and delay, just as Judge Coulson did last year. *See, e.g., Nock v. PalmCo Administration, LLC*, 2025 WL 100894, at *3 (D. Md. Jan. 25, 2025).

Premier's proposed approach would not streamline the litigation. Instead, it would require duplicative depositions, serial written discovery, multiple discovery disputes, and piecemeal motion practice—all while delaying class discovery and resolution of the case. Because Premier has failed to demonstrate that bifurcation would promote efficiency, conserve resources, or avoid prejudice, the Motion should be denied.

At minimum, if the Court is inclined to phase discovery in any respect, any such limitation should be narrowly confined to the issue of consent because Defendant's asserted TCPA compliance and "safe harbor" defenses are not unique to Plaintiff and necessarily overlap with class-wide issues because they arise from Defendant's uniform telemarketing and compliance practices rather than any issue unique to Plaintiff.

**Background**

Plaintiff Marshall McClain filed this action individually and on behalf of a putative nationwide class alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, arising from Defendant Premier Home Pros, LLC's telemarketing practices. Compl., ECF No. 1 ¶¶ 1–4. Plaintiff alleges that his residential telephone number had been registered on the National Do Not Call Registry since October 24, 2024, yet he nevertheless received telemarketing communications from Defendant in October 2025. Id. ¶¶ 15, 18. Specifically, Plaintiff alleges that Defendant sent him a telemarketing text message on October 12, 2025, and

placed a telemarketing call on October 13, 2025, despite the absence of any prior business relationship or consent. *Id*. ¶¶ 19–26.

Plaintiff further alleges that the communications were directed to "someone other than and unknown to Plaintiff," and that Plaintiff never provided express written consent to receive telemarketing calls from Defendant. *Id*. ¶¶ 23–26. Based on these allegations, Plaintiff asserts claims under the TCPA on behalf of himself and a putative class defined as:

> All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial."

Id. ¶ 28.

Premier answered the Complaint and now moves to bifurcate discovery into two phases. In the first phase, Premier seeks to limit discovery solely to Plaintiff's individual claims and to pursue an early summary judgment motion concerning consent and its asserted TCPA compliance procedures. Def.'s Mem. Supp. Mot. to Bifurcate at 1–4. Premier contends that if it prevails on those individualized issues, class discovery would become unnecessary. Id.

Premier argues that bifurcation is appropriate because the issues it identifies purportedly do not overlap with class certification discovery and because class-wide discovery would allegedly be burdensome and inefficient. *Id*. at 7–10.

### Standard

Federal Rule of Civil Procedure 26 affords district courts "broad discretion" in managing the timing and sequencing of discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998). While the court enjoys broad discretion to bifurcate discovery, "bifurcation of discovery is the exception, rather than rule, and it is clear that in most instances,

3

regular—that is, unbifurcated—discovery is more efficient." *Cent. Transp. Int'l, Inc. v. Gen. Electric Co.*, No. 3:08CV136-C, 2008 U.S. Dist. LEXIS 103456, 2008 WL 4457707, at *3 (W.D.N.C. Sept. 30, 2008); *see Classen Immunotherapies, Inc. v. King Pharmaceuticals, Inc.*, 403 F.Supp.2d 451, 461 (D. Md. 2005) (bifurcation of discovery "would not further judicial economy"); *see also Wilson v. Quest Diagnostics, Inc.*, 2019 U.S. Dist. LEXIS 224798, 2019 WL 7560932, at *4 (D.N.J. Aug. 22, 2019) (highlighting potential unfairness and inefficiency of bifurcation in TCPA case).

## Argument

### I.    Bifurcation of Discovery Would be Inefficient and Prejudicial

Bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here. To begin, the proposed bifurcation guarantees that the parties will need to duplicate their work. First, the parties would undertake "individual claim" discovery and all that entails: written discovery requests, depositions, and then expert disclosures and expert depositions, all limited just to the individual claim of the Plaintiff. Then, Defendant would file a dispositive motion to Plaintiff's individual claims. And then, should the Court deny that motion, the parties have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time, but this time focusing on class certification issues only. And after that, there would be a second round of dispositive motions on the class issues. All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed two times), and then two rounds of summary judgment briefing. This is the opposite of judicial economy. Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating

4

the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, No. 3:cv-14-0282, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. Sept. 15, 2014).

The Court should deny Defendant's motion to bifurcate for this reason alone. *See id.* (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, No. 14-1053, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. Oct. 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case.").

Apart from the duplication of discovery outlined above, Defendant's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification. Indeed, "[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted); *Lakeland Reg'l Med. Ctr. v. Astellas US, LLC*, No. 8:10-cv-2008, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("[T]he line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'").

As Judge Coulson held last year while rejecting bifurcated discovery in yet another TCPA case, "Because individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation." *Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025). Indeed, as another Fourth Circuit District Court held while denying a similar bifurcation request from a TCPA defendant highlighting the significant overlap between merits and class certification discovery in *Cardenas v. Resort Sales by Spinnaker, Inc.,* 2021 U.S. Dist. LEXIS 34923 (D. SC.):

> The Court denies Defendants' request to bifurcate discovery. The Court adopts the reasoning articulated in *Ahmed* and finds that bifurcation would not serve the interests of judicial economy, especially given Plaintiff's persuasive argument that the "evidence needed to determine whether Plaintiff Cardenas has a claim substantially overlaps with her ability to" represent a class under Fed. R. Civ. P. 23. (Dkt. No. 33 at 6-7); *see Ahmed*, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413, at *3-4; *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219-JST, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *2-3 (N.D. Cal. Jan 20, 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap); *In re Rail Freight Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009) ("Bifurcated discovery fails to promote judicial economy when it requires ongoing supervision of discovery. If bifurcated, this Court would likely have to resolve various needless disputes that would arise concerning the classification of each document as 'merits' or 'certification' discovery.") [*9] (internal citation and quotations omitted). *Cf.* § 10:8. Bifurcating the issues—Trial, 3 Newberg on Class Actions § 10:8 (5th ed.) ("The *only* issue upon which a district court has no discretion is that in bifurcating, a court must 'preserve any federal right to a jury trial'—Rule 42 so says, and the Seventh Amendment so demands.") (emphasis added). And while Defendants argue that "[e]n masse discovery . . . would be inordinately burdensome, and expensive," Defendants provide no substantive detail as to why this would be so—especially in light of Plaintiffs' arguments regarding the overlapping of individual and merits claims discussed *supra*. (Dkt. No. 34 at 6-7). *See also In re Semgroup Energy Partners, L.P., Sec. Litig.*, No. 08-MD-1989-GKF-FHM, 2010 U.S. Dist. LEXIS 135209, 2010 WL 5376262, *2-3 (N.D. Okla. 2010) ("because of the number of investors and the enormity of losses they allege to have incurred, this case is likely to continue even if Lead Plaintiff is not found to be an adequate class representative or class certification is otherwise denied").

*Id.* at \*8-9. As another Court ruled when denying a motion to bifurcate in a TCPA case:

> The Court has reviewed the parties' joint status report. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in *Walmart v Dukes* has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*Katz v. Allied First Bank, SB*, No. 22-cv-5277, ECF No. 14 (N.D. Ill. Jan. 3, 2023). Other courts have agreed. *See, e.g.*, *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at \*2 (C.D. Cal. Feb. 24, 2025) (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at \*6 (W.D. Wash. Oct. 11, 2023); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at \*3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst.").

This Court should hold the same. Defendant's reliance on *Akselrod v. MarketPro Homebuyers LLC*, No. CCB-20-2966, 2021 WL 100666 (D. Md. Jan. 11, 2021), is misplaced. There, the court permitted narrowly tailored phased discovery limited to two discrete threshold issues: (1) whether the technology at issue qualified as an automatic telephone dialing system ("ATDS"), and (2) whether the communications constituted "telephone solicitations" under the TCPA. *Id*. at \*2. Those issues were largely technological and content-based inquiries that the court found were "largely distinct from class certification issues." *Id*.

This case is materially different. Premier does not seek limited discovery into a discrete technological issue or purely objective inquiry. Instead, Premier seeks broad "individualized" discovery into consent (without showing that the consent process was unique for Mr. McClain), lead-generation practices, telemarketing procedures, TCPA compliance policies, and its purported "safe harbor" defenses. Unlike the issues in *Akselrod*, those topics substantially overlap with Rule 23 issues including commonality, predominance, typicality, and adequacy because the same evidence will necessarily bear on whether Defendant engaged in standardized conduct toward the putative class.

Moreover, *Akselrod* arose during the pendency of *Facebook v. Duguid*, a then-pending Supreme Court case expected to clarify the governing legal standard for ATDS liability. *Id*. at *1– 4. The court expressly relied on the uncertainty created by that pending decision in concluding that limited phased discovery could streamline the litigation. *Id*. No comparable circumstance exists here. Indeed, this case more closely resembles *Nock*, where the court rejected bifurcation because the purportedly "individualized" issues overlapped substantially with classwide proof and because bifurcation would create inefficiency, duplication, and unnecessary discovery disputes. *Nock*, 2025 WL 100894, at *3.

Defendant's motion also fails because it assumes—without evidentiary support—that its asserted consent and "safe harbor" defenses are unique to Plaintiff McClain. The Motion contains no showing that the alleged consent process, lead-generation procedures, or TCPA compliance policies applied differently to Plaintiff than to the putative class members.

The delay from segmented discovery periods would in fact prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. *See, e.g.*, *Saleh v. Crunch, Ltd. Liab. Co.*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *4-

5 (S.D. Fla. Feb. 28, 2018) ("a stay would prolong this matter on the Court's docket and could conceivably prejudice Plaintiff by the fading memory of any witnesses"); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate"). The risk to the putative class members' interests is not merely hypothetical. Multiple decisions in TCPA class action cases have turned on the destruction of records necessary to identify class members. *See, e.g.*, *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) (denying class certification in a TCPA case because "critical information regarding the identity of those who received the facsimile transmissions" was not available); *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011) (granting the defendant summary judgment for the substantially the same reason). As such, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See, e.g.*, *Cooley v. Freedom Forever LLC et. al*., No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Plaintiff will also be prejudiced by a stay because, "with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Sanaah v. Howell*, 2009 No. 08-cv-02117-REB-KLM, U.S. Dist. LEXIS 35260, *2 (D. Colo. Apr. 9, 2009).

By contrast, Defendant will not be prejudiced if Plaintiff is permitted to proceed with discovery in the ordinary course. As another federal court explained in denying a motion to stay discovery in a TCPA case:

> In addition, [defendant] has not demonstrated irreparable injury; it notes only that it is potentially on the hook for substantial damages, given the putative nationwide class. Monetary damages, of course, do not by themselves constitute irreparable injury. [plaintiff], on the other hand, persuasively argues that she would be injured by a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost. This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages.

> \*       \*       \*

> In the meantime, it is clear that critical evidence, including records from any third parties that [defendant] may have contracted with for its telephone marketing, may be lost or destroyed.

*Simon v. Ultimate Fitness Grp., LLC*, No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at \*18, 21-22 (S.D.N.Y. Aug. 19, 2019).

The Defendant has not carried its burden to justify an artificial limitation on discovery. The Federal Rules provide ample protections to Defendant for any requests that are expensive, burdensome or simply disproportionate to what is needed to advance this case.

II.    **To the Extent the Court Adopts Bifurcated Discovery, it Should do so as to the Limited Issue of Consent as the Defendant's "Safe Harbor" Defense applies to the Entire Putative Class.**

Defendant's arguments indicate that its defenses arise from standardized business practices and uniform telemarketing procedures allegedly used across its outbound campaigns. Discovery into how Defendant purportedly obtained consent, maintained TCPA compliance procedures, stored lead information, and verified telephone numbers necessarily implicates common evidence applicable to the class as a whole. Such issues are therefore not properly characterized as purely "individualized" discovery.

Indeed, Defendant expressly contends that its alleged "qualified routine business practices" shield it from liability under 47 C.F.R. § 64.1200(c)(2)(i). But whether those policies were reasonably designed and uniformly implemented is inherently a class-wide question. The same evidence relevant to Defendant's asserted defenses will necessarily bear on whether Defendant engaged in a common course of conduct affecting all putative class members.

As such, even if the Court were inclined to permit some form of phased discovery, Defendant's request is substantially overbroad. At most, any limited preliminary discovery should be confined solely to the issue of whether Plaintiff provided prior express consent for the communications at issue. Defendant's request to broadly bifurcate all "individual" and "class" discovery would improperly encompass issues that are plainly relevant to both merits and class certification.

Courts routinely reject broad bifurcation proposals where the proposed "individualized" discovery substantially overlaps with Rule 23 issues. See *e.g. Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025). Here, discovery regarding Defendant's telemarketing systems and TCPA compliance protocols all bear directly on commonality, predominance, typicality, and adequacy under Rule 23, in addition to the merits of Plaintiff's claims.

By contrast, the narrow factual question of whether Plaintiff himself provided consent can be explored without delaying broader merits and class discovery. If the Court determines that preliminary discovery is warranted, it should therefore be strictly limited to the discrete issue of consent and should proceed concurrently with broader document preservation obligations and targeted class discovery necessary to avoid prejudice from the loss of evidence.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Bifurcate Discovery in its entirety. Defendant has failed to demonstrate that bifurcation would promote efficiency, conserve judicial resources, or avoid prejudice. To the contrary, phased discovery would result in duplicative proceedings, increased costs, unnecessary discovery disputes, and delay.

Alternatively, if the Court is inclined to permit any phased discovery, Plaintiff respectfully requests that such discovery be narrowly limited to the discrete issue of consent and that the Court otherwise permit discovery concerning Defendant's uniform telemarketing practices, consent procedures, and TCPA compliance policies to proceed in the ordinary course because those issues substantially overlap with class certification and merits discovery.

RESPECTFULLY SUBMITTED AND DATED this 20th day of May, 2026.

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Pro Hac Vice*