## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARSHALL MCCLAIN**, individually and on behalf of all others similarly situated, 310 Stevens Circle, Aberdeen, MD, 21001 | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | **CASE NO.: 1:25-cv-03718-CJC** |
| v. | ) ) | |
| **PREMIER HOME PROS, LLC,** 388 S Main St., Ste 340, Akron, OH 44311 | ) ) ) | |
| Defendant. | ) ) | |
| | ) | |

---

### DEFENDANT PREMIER HOME PROS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO BIFURCATE DISCOVERY

---

Defendant, Premier Home Pros, LLC ("**Defendant**" or "**Premier**") hereby submits its Reply in support of its Motion to Bifurcate Discovery [Dkt. No. 18] and in rebuttal to the Opposition to Defendant's Motion to Bifurcate Discovery [Dkt. No. 19] ("**Plaintiff's Opposition**") filed by Plaintiff, Marshall McClain ("**Plaintiff**"), and states:

### INTRODUCTION

Plaintiff's Opposition confirms, rather than refutes, the propriety of bifurcation. Plaintiff does not dispute that Premier possesses business records demonstrating that someone provided prior express written consent for the communications at issue or that Premier maintains qualified routine business practices designed to ensure TCPA compliance. Instead, Plaintiff asks this Court to ignore these threshold, potentially dispositive defenses and permit the parties to plunge headlong into expensive class-wide discovery—discovery that may prove entirely unnecessary if Premier's individual defenses succeed.

1

Plaintiff's arguments rest on generalizations about bifurcation drawn from inapposite cases, speculation about prejudice unsupported by the record, and a fundamental mischaracterization of this Court's decision in *Akselrod v. MarketPro Homebuyers LLC*, No. CCB-20-2966, 2021 WL 100666 (D. Md. Jan. 21, 2021). None of these contentions overcome the strong efficiency rationale that this Court has already endorsed in materially similar circumstances.

## ARGUMENT

### A.  *Plaintiff Overstates the "Exception, Not the Rule" Standard and Ignores This Court's Precedent.*

Plaintiff contends that "bifurcation of discovery is the exception, rather than rule" citing *Cent. Transp. Int'l, Inc. v. Gen. Electric Co.*, No. 3:08CV136-C, 2008 U.S. Dist. LEXIS 103456, 2008 WL 4457707, at *3 (W.D.N.C. Sept. 30, 2008). *See Plaintiff's Opposition at p. 3.* While courts exercise discretion in managing discovery, the applicable standard in this Circuit is whether bifurcation serves "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *Shetterly v. Raymark Indus., Inc.*, 117 F.3d 776, 782 (4th Cir. 1997). This is a practical, case-specific inquiry, not a rigid presumption against phased discovery. District courts in this Circuit have "customarily exercised their discretion to order bifurcation of discovery for the sake of efficiency and to prevent prejudice to a defendant." *Ziemkiewicz v. R+L Carriers, Inc.*, 2013 WL 2299722 (D. Md. May 23, 2013) (collecting cases).

Notably, Plaintiff entirely fails to distinguish the Fourth Circuit's decision in *Ardrey v. United Parcel Service*, 798 F.2d 679, 680–81 (4th Cir. 1986), which affirmed bifurcation of discovery where the district court required plaintiffs to "establish viable individual actions" before class discovery would be allowed. That is precisely what Premier seeks here.

2

**B. *Plaintiff's Claims of Discovery "Overlap" Are Overstated and Ignore the Threshold Nature of Premier's Defenses.***

The centerpiece of Plaintiff's Opposition is the assertion that individual and class discovery "substantially overlap," making bifurcation inefficient. This argument misapprehends Premier's motion. Premier does not seek to bifurcate "merits" discovery from "class" discovery generally. Rather, Premier seeks limited threshold discovery directed at two discrete, potentially dispositive questions: **(1)** whether Plaintiff provided prior express written consent for the communications at issue, **and (2)** if some third party made the consent submission, whether Premier's qualified routine business practices constitute a complete defense under 47 C.F.R. § 64.1200(c)(2)(i).

These are genuinely threshold issues. If Premier establishes that Plaintiff consented to the communications, or alternatively that any TCPA violation resulted from a bona fide error despite Premier's maintenance of qualified routine business practices, Plaintiff's individual claim fails as a matter of law. If Plaintiff cannot maintain his own individual claim, he cannot serve as a class representative, rendering class-wide discovery entirely unnecessary.

Plaintiff's reliance on *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013), for the unremarkable proposition that class certification analysis may "entail overlap with the merits" is unavailing. The question is not whether *some* overlap exists in the abstract, but whether the *specific threshold discovery* Premier proposes substantially overlaps with class issues. It does not. Whether Plaintiff personally consented to the communications at issue is a factual inquiry unique to Plaintiff. Whether Premier maintains TCPA-compliant business practices is a focused inquiry into Premier's internal systems that can be explored efficiently without the breadth of full class discovery.

Plaintiff's claims that the alleged overlap in discovery will create inefficiencies resulting from the parties having to undertake duplicative discovery is also overstated. For example, there is no reasonable implication that the threshold issues Defendant has identified for a first phase of

discovery will require expert discovery of any kind. TCPA cases typically involve experts when evaluating the existence of an ATDS (which is not an issue raised in this action) and in undertaking an analysis of class size/class member identification based on expert review of call/text logs. Neither of these issues falls within the scope of the threshold matters presented for bifurcation.

Defendant also disputes the claim that depositions and written discovery will be duplicative. It is likely that depositions as to these threshold issues will not exceed three in total for the threshold issues: **(1)** a 30(b)(6) deposition of Defendant narrowly tailored to the threshold questions; **(2)** a deposition of Plaintiff limited in scope to consent (if a deposition is even required, this issue could potentially be resolved by targeted interrogatories and requests for admission); **and (3)** possibly a deposition of a non-party in the event consent at issue was submitted by a person other than Plaintiff.

Although that implicates the possibility of more than one deposition of Plaintiff and a corporate representative of Defendant if discovery proceeds beyond the first phase, the scope limitations to the threshold issues will make the time, effort, and expense proportional and will avoid duplication on substance. Moreover, a second phase 30(b)(6) deposition of Defendant (if necessary), may not even involve the same representative witness. The Rules contemplate multiple 30(b)(6) depositions that cover different topics or which may involve multiple witnesses with discrete areas of knowledge. Accordingly, Plaintiff's claim that the bifurcation proposed here invites far reaching duplication of discovery does not withstand real scrutiny.

### C. *Plaintiff's Attempt to Distinguish Akselrod Fails.*

Plaintiff argues that Premier's reliance on *Akselrod* is "misplaced" because the threshold issues there (whether an ATDS was used and whether messages constituted "telephone solicitations") were "largely technological and content-based inquiries." But this distinction is illusory. *See Opposition at p. 7.* The relevant holding of *Akselrod* is that bifurcation is appropriate

where "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery" on issues that are "largely distinct from class certification issues." *Akselrod*, 2021 WL 100666, at *2.

That principle applies with equal force here. Whether Plaintiff personally consented to communications from Premier is no less "distinct from class certification issues" than whether a particular technology qualifies as an ATDS. Both are threshold inquiries that, if resolved in the defendant's favor, render class discovery unnecessary. The *type* of threshold issue (technological, consent-based, or otherwise) is immaterial to the bifurcation analysis. What matters is whether the issue is potentially dispositive and largely distinct from class certification questions. Premier's defenses satisfy both criteria.

Plaintiff's suggestion that *Akselrod* depended on the pendency of *Facebook, Inc. v. Duguid* is a red herring. While the *Akselrod* court noted the pending Supreme Court case, its holding rested on the independent ground that limited discovery on dispositive issues would "simplify the case and save both parties the time and expense of class discovery." *Akselrod*, 2021 WL 100666, at *2.

### D. *Nock v. PalmCo Administration is Distinguishable on Multiple Grounds.*

Plaintiff relies heavily on *Nock v. PalmCo Administration, LLC*, 2025 WL 100894 (D. Md. Jan. 15, 2025), but that case is materially distinguishable. In *Nock*, the bifurcation motion was filed several months into discovery, the parties had already engaged in individual and class discovery for close to eight months, and the key issue (notice regarding an alleged scheme to mask telemarketing calls as in-person solicitations) was relevant to both individual and class claims. Here, by contrast, Premier has moved to bifurcate at the outset of litigation, before any discovery has taken place, and the threshold issues it identifies (personal consent and bona fide error) are

unique to Plaintiff's individual claim. The efficiency gains from early bifurcation are substantially greater than from mid-stream bifurcation after discovery is well underway.

### E. Plaintiff's Prejudice Arguments Are Speculative and Unsupported.

Plaintiff asserts that bifurcation would "prejudice" him through delay that "amplif[ies] the risk that evidence will be lost or destroyed." This argument is entirely speculative. Plaintiff identifies no specific evidence at risk of destruction, no witness whose memory is fading, and no document retention policy that threatens relevant records. Further, the cases Plaintiff cites involved motions to *stay* all discovery, not motions to *bifurcate* into sequential phases. *See Plaintiff's Opposition at pp. 8-9.* Premier's proposal does not seek a stay; it proposes an expedited Phase 1 discovery period concluding by August 28, 2026, followed immediately by an initial summary judgment briefing, and then, if necessary, Phase 2 discovery. Under Premier's proposed schedule, even if Phase 1 does not resolve the case, class discovery would commence well within any reasonable evidence-preservation timeframe.

Moreover, Plaintiff's document-preservation concerns are addressed by the Federal Rules. Both parties have preservation obligations under law regardless of the discovery schedule, and nothing prevents Plaintiff from seeking a preservation order or issuing litigation-hold letters to third parties (to the extent any are implicated). The sequencing of affirmative discovery does not affect the parties' preservation duties.

### F. Plaintiff's "Alternative" Proposal Confirms That Bifurcation Is Appropriate.

Tellingly, Plaintiff's fallback position concedes the core premise of Premier's motion. Plaintiff acknowledges that "if the Court is inclined to phase discovery in any respect, any such limitation should be narrowly confined to the issue of consent." This concession is significant:

6

Plaintiff effectively agrees that consent is a discrete, individualized issue amenable to threshold resolution—the very foundation of Premier's motion.

Premier's proposal extends only slightly beyond Plaintiff's fallback by also including Premier's qualified business practices under 47 C.F.R. § 64.1200(c)(2)(i)—which, notably, primarily benefits Plaintiff by permitting him to engage in discovery relative to Premier's those business practices prior to class-wide discovery. This is a narrow additional inquiry that is logically inseparable from the consent question: if consent was provided by a third party rather than Plaintiff, the bona fide error defense turns on Premier's internal compliance procedures. Limiting initial discovery to only one of two potentially dispositive threshold issues would itself create the inefficiency Plaintiff purports to oppose. Both issues should be addressed together in Phase 1.

## CONCLUSION

Based on the foregoing, and the arguments in its initial Memorandum, Premier respectfully requests that the Court grant its Motion to Bifurcate Discovery and enter a scheduling order that **(1)** limits initial discovery to Plaintiff's individual claims, including the issues of consent and Premier's qualified routine business practices under 47 C.F.R. § 64.1200(c)(2)(i); **(2)** permits Premier to file an early motion for summary judgment directed at those threshold issues upon completion of Phase 1 discovery; **and (3)** provides that class-wide discovery shall proceed only if necessary following the Court's disposition of Premier's summary judgment motion.

Respectfully Submitted:

**ADAMS AND REESE LLP**

*/s/ Gabriel D. Pinilla*
Gabriel D. Pinilla, Bar No. 22373
1001 Seventeenth Street, Suite 1000
Dever, CO 80202
Telephone: (303) 970-2156
Facsimile: (303) 970-2156

Gabriel.Pinilla@arlaw.com
Alisyn.Burkowski@arlaw.com

Andrew C. Wilson, *Admitted Pro Hac Vice*
2001 Siesta Dr., Suite 302
Sarasota, Florida 34239
Telephone: (941) 316-7600
Andrew.Wilson@arlaw.com
Suellen.Kerrigan@arlaw.com
*Attorneys for Defendant,*
*Premier Home Pros, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May 2026, the foregoing pleading was filed and served via the CM/ECF on all parties.

*/s/ Gabriel D. Pinilla*
Gabriel D. Pinilla
Bar No. 22373