**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MARSHALL MCCLAIN**, individually and on behalf of all others similarly situated, 310 Stevens Circle, Aberdeen, MD, 21001<br><br>Plaintiff,<br><br>v.<br><br>**PREMIER HOME PROS, LLC,** 388 S Main St., Ste 340, Akron, OH 44311<br><br>Defendant. | ) | **CASE NO.: 1:25-cv-03718-CJC** |

**PREMIER HOME PROS, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR ORDER AUTHORIZING COMCAST CABLE COMMUNICATIONS, LLC TO DISCLOSE SUBSCRIBER INFORMATION PURSUANT TO 47 U.S.C. § 551(c)(2)(B)**

**MAY IT PLEASE THE COURT:**

Premier Home Pros, LLC ("**Defendant**" or "**Premier**") respectfully submits the following Memorandum in Support of *Premier Home Pros, LLC's Motion for Order Authorizing Comcast Cable Communications, LLC to Disclose Subscriber Information Pursuant to 47 U.S.C. § 551(c)(2)(B)* in this matter, as follows:

## I. BACKGROUND

Plaintiff alleges that Premier texted him on October 12, 2025, and called him on October 13, 2025, leaving a voicemail addressed to "Andre" concerning a "bathroom project submitted online," without his consent while his number was on the National Do Not Call Registry. (ECF No. 1 ¶¶ 19, 21, 23, 26.) Premier answers that both contacts responded to an online inquiry requesting contact, and asserts defenses of prior express (written) consent, bona fide error, and

estoppel, alleging that either Plaintiff submitted the inquiry or an unknown third party used his number. (ECF No. 13 ¶¶ 18–21; *id.* at 6–9.)

On June 24, 2026, the Court bifurcated discovery, limiting the initial phase to "the issues of consent for the alleged communications made with plaintiff Marshall McClain and [Premier's] relevant routine business practices," with that phase expiring October 13, 2026, and set a status conference for October 20, 2026. (ECF No. 23 ¶¶ 2, 7.)

Discovery to date has confirmed that the October 12, 2025 inquiry was submitted from Comcast-assigned IPv4 address 76.106.11.1 and IPv6 address 2601:14d:4e82:c8c0:5f48:cced:8b58:d19e (the "**Subject IP Addresses**"). On September 21, 2026, Premier served a subpoena upon Comcast Cable Communications, LLC seeking, inter alia, the identity of the customer to which the Subject IP Addresses were assigned at the time of the inquiry. Comcast responded by indicating it retains its dynamically assigned IP addresses for 180 days, and therefore the requested information was outside of its retention period. On September 29, 2026, Premier served a second subpoena upon Comcast expanding the scope of information sought to cover data that is within Comcast's retention period. This subpoena seeks the subscriber name, address, and assignment dates for the Subject IP Addresses; associated device and location data, including for October 12, 2025, 9:00–10:00 p.m. EDT; IP addresses assigned to Plaintiff and to Andre Smith since October 1, 2025, including the date of such assignment; and non-personal information on Comcast's IP-assignment and retention practices. (*See* Subpoena, attached hereto as **Exhibit "A"**, Sched. A.)

On October 8, 2026, Comcast objected that § 551 bars disclosure absent "a Court Order authorizing such disclosure, if the subscriber is notified of such order," asked that any order give Comcast seven days to notify subscribers and each subscriber twenty-one days to contest, offered

notarized subscriber consent as an alternative, and stated that it has "limited information responsive to the Subpoena." (*See* Comcast Response, attached hereto as **Exhibit "B"** at 1–2.)

## II. LEGAL STANDARD

Section 551 bars a cable operator from disclosing subscribers' personally identifiable information without consent, 47 U.S.C. § 551(c)(1), but permits disclosure "subject to subsection (h), made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." *Id.* § 551(c)(2)(B). A cable company providing internet service over its cable system is a "cable operator" subject to § 551. *In re Application of the United States for an Order Pursuant to 18 U.S.C. § 2703(d)*, 158 F. Supp. 2d 644, 647–48 (D. Md. 2001). Subsection (h) imposes a clear-and-convincing standard to requests by a "governmental entity" concerning a subscriber "reasonably suspected of engaging in criminal activity." 47 U.S.C. § 551(h)(1). As such, it does not apply to a private civil litigant.

## III. ARGUMENT

The requested subscriber information is directly relevant to the potentially dispositive consent issue on which the Court bifurcated discovery. (ECF No. 23 ¶ 2.) The identity of the subscriber whose connection submitted the October 12, 2025 inquiry may be the most direct objective evidence of who submitted it. The request is specific and narrowly tailored in that Premier seeks no communications content, browsing history, or viewing records. It seeks only identity, address, assignment, and device data tied to two IP addresses and two named individuals over a bounded period. (Ex. A, Sched. A ¶¶ 1–8; Ex. B at 1.) Requests 9 and 10 seek no personally identifiable information.

There are no less invasive means to obtain the information because only Comcast holds the records linking a dynamically assigned IP address to a subscriber at a given time. Comcast's

alternative of notarized subscriber consent is impracticable because the subscriber's identity is the very fact Premier seeks, and Plaintiff denies any connection to the inquiry. (ECF No. 1 ¶¶ 23–24.)

To the extent that the Court may weigh the privacy interests implicated by the requested disclosure, Premier's need for the discovery outweighs any potential privacy concerns. Names and addresses are among the least sensitive subscriber data. Indeed, § 551 permits their disclosure even without a court order in some circumstances. 47 U.S.C. § 551(c)(2)(C). Plaintiff placed consent at issue and takes no position on this motion, and any third-party subscriber will receive notice, an opportunity to contest, and confidentiality and use restrictions under the Proposed Order.

Finally, Comcast's objection is not to **disclosure** itself but to disclosure without a court order, which this Motion supplies. The Proposed Order adopts Comcast's requested notice terms: seven days for Comcast to notify subscribers and twenty-one days for subscribers to contest, with production within 28 days of service upon Comcast, and information of any objecting subscriber withheld pending ruling. (Ex. B at 1, 5.) As to Comcast's "limited information," Rule 45 requires production only of existing records, so the Proposed Order directs Comcast to produce what it maintains and identify in writing any category it lacks.

## IV. CONCLUSION

Premier respectfully requests that the Court grant this Motion and enter the accompanying Proposed Order.

Respectfully Submitted:

**ADAMS AND REESE LLP**

*<u>/s/ Andrew C. Wilson</u>*
Gabriel D. Pinilla, Bar No. 22373
1001 Seventeenth Street, Suite 1000
Dever, CO 80202
Telephone: (303) 970-2156

Facsimile: (303) 970-2156
Gabriel.Pinilla@arlaw.com
Alisyn.Burkowski@arlaw.com

Andrew C. Wilson, *Admitted Pro Hac Vice*
2001 Siesta Dr., Suite 302
Sarasota, Florida 34239
Telephone: (941) 316-7600
Andrew.Wilson@arlaw.com
Suellen.Kerrigan@arlaw.com
*Attorneys for Defendant,*
*Premier Home Pros, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2026, the foregoing was filed via the Court's CM/ECF system, which will serve all counsel of record, and that a courtesy copy was sent to Comcast by electronic transmission to LEAsubmit@comcast.com and timothy_greene@comcast.com.

*/s/ Andrew C. Wilson*
Andrew C. Wilson
Fla. Bar No. 0103203
*Admitted Pro Hac Vice*