COMCAST

**FACSIMILE TRANSMITTAL SHEET**

| TO: | FROM: |
|---|---|
| **Andrew C. Wilson** | **Comcast Legal Response Center** |
| FAX NUMBER: | DATE & TIME (UTC): |
| **19413167636** | **10/8/2026 5:14:08 PM** |
| | TOTAL NO. OF PAGES INCLUDING COVER: |
| | **8** |
| RE: | |
| **LCV44787** | |

☐ URGENT ☒ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES / COMMENTS:

Attached you will find Comcast's response to the above reference ticket.

Comcast will be transitioning away from accepting requests via fax or email. All requests will need to be
submitted through our secure online portal.

To avoid any disruption to your agency's requests, please register on the portal at your earliest convenience: Portal Registration Link: https://lesrc.comcast.com/lea
(Please note: This portal is for law enforcement use only)

Copyright attorneys may continue to submit copyright requests to the existing copyright email address.

Legal requests related to other civil related matters must be served through Comcast's registered agent,
Corporation Service Company (CSC Global), in the applicable state. For more information on CSC
Global, visit https://www.cscglobal.com/cscglobal/home/ or call 888-690-2882.

If you have any questions regarding this matter, please contact the Law Enforcement & Subscriber
Record Center at 866-947-8572.

COMCAST

Law Enforcement & Subscriber Record Center
1800 Bishops Gate Boulevard
Mount Laurel, NJ 08054
866-947-8572 Tel

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

October 8, 2026

Andrew C. Wilson
Adams & Reese LLP
2001 Siesta Drive, Suite 302
Sarasota, Florida (FL) 34239

RE: Marshall McClain v. Premier Home Pros. LLC
United States District Court for the District of Maryland
Case No.: 1:25-CV-03718-CJC
Comcast Case #: LCV44787-88, LCV44825-28

Dear Andrew C. Wilson:

The Subpoena received on 10-02-2026 requests Comcast to produce certain subscriber records pertaining to the following:

- IP Address 76.106.11.1 in the name of Marshall McClain or Andre Smith assigned from 10-01-2025 to date of Subpoena, 09-25-2026 00:00:00, per your email dated 10-08-2026
- IP Address 2601:14d:4e82:c8c0:5f48:cced:8b58:d19e assigned from 10-01-2025 to date of Subpoena, 09-25-2026 00:00:00
- IP Addresses assigned to Andre Smith at 818 Saint Dunstans Rd, Baltimore, MD 21212 from 10-01-2025 to date of Subpoena, 09-25-2026 00:00:00
- IP addresses assigned to Marshall McClain at 310 Stevens Circle, Aberdeen, MD 21001 from 10-01-2025 to date of Subpoena, 09-25-2026 00:00:00

The information requested under the Subpoena is governed by Section 631 of the Cable Communications Policy Act of 1984, 47 U.S.C. § 551. Under that statute, a cable operator is prohibited from disclosing personally identifiable information pertaining to a subscriber without the subscriber's express consent, except in limited circumstances as set forth in the statute. Under Section 551, a cable operator may not disclose such material pursuant to a Subpoena except to a government entity in accordance with the provisions of subsection (c)(2)(D), which does not appear to apply to the current matter. In order for Comcast to disclose personally identifiable information to a private individual or entity, such as the one identified in your request, subsection (c)(2)(B) requires "a Court Order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." Accordingly, Comcast will not be able to release the requested information in the absence of a court order that complies with Section 551. For your information, a copy of Section 551 is enclosed.

Further, any such court order should allow Comcast to have seven (7) calendar days after service of the order to notify subscribers that their identity is sought by Plaintiffs and each subscriber whose identity is sought shall have twenty one (21) calendar days from the date of such Comcast notice to file any papers contesting the order.

As an alternative to providing Comcast with a Court Order under subsection (c)(2)(B) you may also provide us with a written, notarized consent from our subscriber to the disclosure of the information sought in the Subpoena. In some instances, we may also require additional documentation from our subscriber. Upon our receipt of such a written, notarized consent, Comcast will verify the subscriber's

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

consent by speaking with our customer on the phone number listed in Comcast's billing systems. After proper verification, Comcast would be able to reply with the responsive information. Otherwise, this letter is Comcast's objection to the Subpoena as issued absent an authorizing Court Order.

In connection with processing the Subpoena, the Comcast Law Enforcement & Subscriber Record Center has checked Comcast's records and determined that Comcast has limited information responsive to the Subpoena. Therefore, Comcast would be unable to provide responsive information to a court order seeking all of the information requested in the Subpoena.

Should you obtain a Court Order or the subscriber's consent, please contact us at (866) 947-8572 so we can provide you with instructions for submitting an advance copy to the Comcast Law Enforcement and Subscriber Record Center. The Court Order or subscriber's consent must also be served through Comcast's registered agent, Corporation Service Company (CSC Global), in the applicable state. For more information on Corporation Service Company (CSC Global), please visit https://www.cscglobal.com/cscglobal/home/ or call them at 888-690-2882.

If you have any questions regarding this matter, please feel free to call the Comcast Law Enforcement & Subscriber Record Center at 866-947-8572.

Respectfully,
Comcast Law Enforcement & Subscriber Record Center

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

**47 USC § 551 (2002)**

**§ 551. Protection of subscriber privacy**

(a) Notice to subscriber regarding personally identifiable information; definitions.

(1) At the time of entering into an agreement to provide any cable service or other service to a subscriber and at least once a year thereafter, a cable operator shall provide notice in the form of a separate, written statement to such subscriber which clearly and conspicuously informs the subscriber of--

(A) the nature of personally identifiable information collected or to be collected with respect to the subscriber and the nature of the use of such information;

(B) the nature, frequency, and purpose of any disclosure which may be made of such information, including an identification of the types of persons to whom the disclosure may be made;

(C) the period during which such information will be maintained by the cable operator;

(D) the times and place at which the subscriber may have access to such information in accordance with subsection (d); and

(E) the limitations provided by this section with respect to the collection and disclosure of information by a cable operator and the right of the subscriber under subsections (f) and (h) to enforce such limitations.

In the case of subscribers who have entered into such an agreement before the effective date of this section, such notice shall be provided within 180 days of such date and at least once a year thereafter.

(2) For purposes of this section, other than subsection (h)--

(A) the term "personally identifiable information" does not include any record of aggregate data which does not identify particular persons;

(B) the term "other service" includes any wire or radio communications service provided using any of the facilities of a cable operator that are used in the provision of cable service; and

(C) the term "cable operator" includes, in addition to persons within the definition of cable operator in section 602 [47 USC § 522], any person who (i) is owned or controlled by, or under common ownership or control with, a cable operator, and (ii) provides any wire or radio communications service

(b) Collection of personally identifiable information using cable system.

(1) Except as provided in paragraph (2), a cable operator shall not use the cable system to collect personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned

(2) A cable operator may use the cable system to collect such information in order to--

(A) obtain information necessary to render a cable service or other service provided by the cable operator to the subscriber; or

(B) detect unauthorized reception of cable communications.

(c) Disclosure of personally identifiable information.

(1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.

**(2) A cable operator may disclose such information if the disclosure is—**

(A) necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber.

**(B) subject to subsection (h), made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;**



Confidential (C)

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

(C) a disclosure of the names and addresses of subscribers to any cable service or other service, if--
(i) the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure, and
(ii) the disclosure does not reveal, directly or indirectly, the--
(I) extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator, or
(II) the nature of any transaction made by the subscriber over the cable system of the cable operator; or
(D) to a government entity as authorized under chapters 119, 121, or 206 of title 18, United States Code [18 USC § § 2510 et seq., 2701 et seq., or 3121 et seq.], except that such disclosure shall not include records revealing cable subscriber selection of video programming from a cable operator.

(d) Subscriber access to information. A cable subscriber shall be provided access to all personally identifiable information regarding that subscriber which is collected and maintained by a cable operator. Such information shall be made available to the subscriber at reasonable times and at a convenient place designated by such cable operator. A cable subscriber shall be provided reasonable opportunity to correct any error in such information.

(e) Destruction of information. A cable operator shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to such information under subsection (d) or pursuant to a court order.

(f) Civil action in United States district court; damages; attorney's fees and costs; nonexclusive nature of remedy.

(1) Any person aggrieved by any act of a cable operator in violation of this section may bring a civil action in a United States district court.

(2) The court may award--
(A) actual damages but not less than liquidated damages computed at the rate of $ 100 a day for each day of violation or $ 1,000, whichever is higher;
(B) punitive damages; and
(C) reasonable attorneys' fees and other litigation costs reasonably incurred

(3) The remedy provided by this section shall be in addition to any other lawful remedy available to a cable subscriber.

(g) Regulation by States or franchising authorities. Nothing in this title [47 USC § § 521 et seq.] shall be construed to prohibit any State or any franchising authority from enacting or enforcing laws consistent with this section for the protection of subscriber privacy.

(h) Disclosure of information to governmental entity pursuant to court order. Except as provided in subsection (c)(2)(D), a governmental entity may obtain personally identifiable information concerning a cable subscriber pursuant to a court order only if, in the court proceeding relevant to such court order--

(1) such entity offers clear and convincing evidence that the subject of the information is reasonably suspected of engaging in criminal activity and that the information sought would be material evidence in the case; and

(2) the subject of the information is afforded the opportunity to appear and contest such entity's claim.



Confidential (C)

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

**IN THE UNITED STATES DISTRICT COURT
FOR THE [DISTRICT]**

| | | |
|---|---|---|
| [name], Plaintiffs, v. [NAME], Defendants. | ) | Civil Action No. [number] |

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

Upon the Plaintiffs' Motion for Leave to Take Immediate Discovery and the supporting Memorandum of Law, it is hereby,

**ORDERED** that Plaintiffs may serve immediate discovery on Comcast Cable Communications, LLC ("Comcast") to obtain the identity of [each John Doe Defendant] by serving a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure requesting subscriber information; provided, however, that said discovery shall be conditioned on: (a) Comcast having seven (7) calendar days after service of the subpoena to notify subscribers that their identity is sought by Plaintiffs; (b) each subscriber whose identity is sought having twenty one (21) calendar days from the date of such Comcast notice to file any papers contesting the subpoena; and (c) payment to Comcast by Plaintiffs of all reasonable costs of: (i) compiling the requested information; (ii) providing pre-disclosure notifications to subscribers; and (iii) all other reasonable costs and fees incurred responding to discovery. Comcast may provide notice using any reasonable means, including but not limited to written notice sent to the subscriber.



Confidential (C)

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

**IT IS FURTHER ORDERED THAT** any information disclosed to Plaintiffs in response to the subpoena issued under Rule 45 of the Federal Rules of Civil Procedure may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under [nature of claims] as enumerated in the Complaint.

**IT IS FURTHER ORDERED THAT** any subpoena issued pursuant to this order shall be deemed an appropriate court order under 47 U.S.C. § 551.

**IT IS FURTHER ORDERED THAT** good faith attempts by Comcast to notify the subscriber(s) shall constitute compliance with this order.

Dated:

The Honorable [Name]

United States District Judge



Confidential (C)

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

COMCAST

Law Enforcement & Subscriber Record Center
1800 Bishops Gate Boulevard
Mount Laurel, NJ 08054
866-947-8572 Tel

## CONSENT TO RELEASE SUBSCRIBER INFORMATION

**RE:** **Case:**
**Case/Docket #:**
**Comcast Case #:** LCV44826

I, __________________________, the account holder, do hereby authorize Comcast to release the following subscriber information pertaining to my account:

Target Account Information (for example, telephone number or account number):

Description of Records Requested

Time Period for Records Requested

I understand that I have had the opportunity to object to the production of any of my records, or to designate and limit the scope of records which are being released and have chosen to authorize the disclosure of the subscriber information listed above. Pursuant to the consent, I hereby request that the records be provided to:

Name:

Address:

In connection with this authority to release information, I do hereby agree to hold harmless Comcast and/or its affiliates and/or employees for the disclosure of such information

Signature of Account Holder: __________________________

Date: ____________

Contact Number for Account Holder: ____________________

Sworn to and subscribed before me on the _____ day of _________, 202_

______________________
Notary Public

______________________
Notary Public's printed name

______________________
My commission expires: